**STEVEDORING SERVICES of America; Homeport Insurance Co., Petitioners,**

v.

**David J. GUTHRIE; Director, Office of Workers Compensation Programs, Respondents.**

No. 03–72204.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 10, 2004.\*

Decided Dec. 16, 2004.

John R. Dudrey, Esq., Williams, Fredrickson & Stark, P.C., Portland, OR, for Petitioners.

Charles Robinowitz, Esq., Portland, OR, Carol Dedeo, Associate Solicitor, U.S. Department of Labor, Office of the Solicitor, Thomas Shepard, Michael Niss, Office of Workers' Compensation Programs, U.S. Department of Labor, Washington, DC, Karen P. Staats, Esq., Longshore and Harbor Workers' Programs District Director, Seattle, WA, for Respondents.

Before: T.G. NELSON, RAWLINSON, Circuit Judges, and SCHWARZER, District Judge.\*\*

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

MEMORANDUM \*\*\*

1. The Administrative Law Judge (ALJ) and Benefits Review Board (Board) correctly applied 33 U.S.C. § 910(a) to calculate Respondent David Guthrie's average weekly wage. There is no evidence in the record that Guthrie's employment was seasonal or intermittent. *See Matulic v. Director, OWCP,* 154 F.3d 1052, 1058 (9th Cir.1998). It is undisputed that Guthrie worked 228 days in the fifty-two weeks preceding his injury, or 87.7% of the total working days. Because Guthrie worked more than 75% of the workdays in the year, the presumption that § 910(a) applies is unrebutted. *See id.* Our prior ruling in *Matulic* dictates the outcome of this issue. *United States v. Lynch,* 367 F.3d 1148, 1158 (9th Cir.2004) (recognizing that ordinarily, one panel may not overrule another).

2. The ALJ and Board properly based their calculations on a work year of 260 working days. The ALJ's determination that Guthrie was a five-day worker has not been challenged on appeal. Thus, under the plain language of the statute, "there are 260 total working days in the measuring year." *Stevedoring Servs. of America v. Price,* 382 F.3d 878, 884 (9th Cir.2004); 33 U.S.C. § 910(a).

**PETITION DENIED.**

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.